UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JOHN GRUBBS** | **CASE NO. 2:22-CV-01024** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ASSURANCEAMERICA INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 13) filed by Defendant, AssuranceAmerica Insurance Company ("Assurance"). Plaintiff does not oppose this motion.

## FACTUAL STATEMENT

On or about November 13, 2021, Defendant, Luis Garcia, while driving a 2008 Wabash tractor trailer, struck Plaintiff John Grubbs' vehicle. Plaintiff named Assurance as Luis Garcia's liability insurer.

During the relevant time period, Assurance issued a policy of insurance that was in effect. The policy of insurance listed two vehicles on the Declarations page, namely, a 2007 Cadillac Escalade ESV and a 2001 Honda Accord.[1] No other automobiles were listed as an insured vehicle.[2]

---

[1] Defendant's exhibit C, p. 8.
[2] *Id.*

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Assurance moves to dismiss Plaintiff's claims based on the policy, which does not list the 2008 Wabash tractor trailer on the Declarations Page. The policy defines an "insured car" as:

- a. Any **car** described on the **Declarations Page.**
- b. Any **car you** acquire to replace a **car** described on the **Declarations Page. . .**
- c. Any additional **car**, other than a replacement **car,** that **you** acquire during the policy period, but only if **we** insure all **cars you** own and **you** give **us** notice within 30 days of the date the **car** is acquired by **you**. . .[3]

The 2008 Wabash tractor trailer is not listed on the Declarations Page of the policy. Therefore, the policy of insurance between Assurance and Mr. Garcia excludes the tractor trailer from coverage.

## CONCLUSION

For the reasons set forth herein, the Motion for Summary Judgment filed by AssuranceAmerica will be granted dismissing this Defendant, with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 28th day of November, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Defendant's exhibit D, p. 13.